**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Mingfei Zhu | ) | |
| | ) | |
| | ) | Case No.:  24-cv-01139 |
| Plaintiff, | ) | |
| v. | ) | Judge: Hon. Virginia M. Kendall |
| | ) | |
| The Partnerships and Unincorporated | ) | Magistrate: Hon. Beth W. Jantz |
| Associations Identified in | ) | |
| Schedule "A", | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**DECLARATION OF KEVIN KEENER**</u>

I, Kevin Keener, of Chicago, declare as follows:

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order (the "*Ex Parte* Motion for TRO") and, if called as a witness, I could and would competently testify as follows:

2.      I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois, the United States District Court for the Northern District of Illinois.

3.      Genuine and authentic copies of the unpublished decisions cited in Plaintiff's Memorandum of Law in Support of *Ex Parte* Motion for TRO are attached hereto as Exhibit 1.

4.      Plaintiff is seeking *Ex Parte* relief and is requesting service by email to Defendants Identified in Schedule A to Plaintiff's Complaint (collectively "Defendants").  Defendants operate webstores on online merchant platforms to

sell counterfeit products in violation of Plaintiff's patent rights ("Counterfeit Products").

5.    In my experience, gained through working with brand owners who identified websites and webstore listings selling counterfeit products, if Plaintiff proceeds to work with the webstores through the normal means of challenging listings, the Defendants easily and quickly transfer data and content to other merchant platforms, thereby thwarting those third party mechanisms and furthering their illicit conduct.  Defendants will also transfer assets from U.S.-based financial institutions to offshore accounts outside the jurisdiction of this Court and use those assets to further their criminal enterprises.  Such actions by Defendants will negate Plaintiff's ability to obtain meaningful relief and will continue to irreparably harm Plaintiff through Defendants' sale of Counterfeit Products.

6.    Upon entry of a Temporary Restraining Order in this matter, I will notify the Defendants by sending copies of Plaintiff's *Ex Parte* Motion for TRO and supporting papers via e-mail to the e-mail addresses provided by the Defendants to the Websites responsible for hosting their respective Webstores.

7.    A listing of selected examples Defendants' unauthorized patent infringement on the Infringing Webstore listings to advertise the sale of Counterfeit Products is attached as Exhibit 1 to the Declaration of Mingfei Zhu (under seal). This document was prepared by the Plaintiff and their contractors under their direction and supervision and I have authenticated the listings myself and confirmed that each of the Defendants have offered to sell and ship infringing products to Chicago.  In this exhibit, selected screenshots of the listings from Defendants'

Infringing Webstores offer products for sale in the United States that read on U.S. Patent No. D1,000,857 ("the D'857 Patent"). The Defendants also all show common features including utilizing images from Plaintiff's own website to sell Counterfeit Products.

8.      The Defendants identified in Schedule A created stores on Amazon, ebay, and Wish with an intent to sell counterfeit products that infringe the D'857 Patent and attempt to avoid liability by concealing both their identities and the full scope and interworking of their operation.

9.      Based on research we have conducted all of the Defendants are selling the same item and there are common issues of fact that are arising from the Defendant's actions. Upon information and belief, all of the Defendants are selling the storage hammock manufactured by an unknown China manufacturer. A true and accurate screenshot of the suspected China manufacturer website is attached as Exhibit 2 and Exhibit 3 to the Complaint (Dkt. # 4-1, 4-2).

10.     Based upon an investigation into the Defendants identified in Schedule A, all Defendants are located in China and have no presence in the United States. At this time the addresses of the Defendants are unknown.

11.     I have reviewed all of the listings in Exhibit 1 to the Declaration of Mingfei Zhu for the purpose of analyzing infringing activity of the Defendants identified in Schedule A.

12.     In my opinion, each of the Defendants have applied the patented design, or at least a colorable imitation thereof, of the Asserted Patent to an article of manufacture for the purpose of sale. In my opinion, an ordinary observer, familiar

with the prior art, would be deceived into thinking that each of the accused products shown in Exhibit 1 to the Declaration of Mingfei Zhu was the same as the patented design of the Asserted Patent. Attached as Exhibit 2 is a true and accurate series of claim charts prepared that establish how each Defendant has infringed the Asserted Design Patent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this March 21, 2024

_____
/s/ Kevin Keener
Kevin Keener