IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------X
Mingfei Zhu           :

      Plaintiff,  :  Case No. 24-cv-01139

               :

  -against-       :  Judge: Hon. Virginia M. Kendall

               :

The Partnerships and Unincorporated
Associations Identified in Schedule "A" : Magistrate Hon. Beth W. Jantz

      Defendants.  :
------------------------------X

## MOTION TO DISSOLVE PLAINTIFF'S PRELIMINARY INJUNCTION

Defendants, D FantiX, aooyaoo store and yadingchuangxinkeji ("D FantiX", "aooyaoo" and "yading" respectively and "Defendants" collectively) by and through its undersigned counsel, hereby move to dissolve the April 23, 2024 Preliminary Injunction (Dkt. #35) on the ground that that the Complaint and the Motion for Preliminary Injunction cannot satisfy the requirements of Rule 11 and also cannot to satisfy the criteria for preliminary injunction under the case law in *TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) with regard to Defendants.

## PLAINTIFF FAILED TO COMPLY WITH RULE 11(b)(3)

Jian Chen ("Chen"), not Plaintiff Mingfei Zhu ("Zhu") was named as the sole inventor of U.S. Patent No. D1,000,857 ("the '857 Patent") when it was filed on December 6, 2021 and Chen, not Zhu was the sole inventor of the '857 Patent when it was issued on October 10, 2023. Specifically, Chen filed a declaration under oath that "I believe that I am the original inventor"

1

and that "any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both." (See Exhibit A). Chen simultaneously assigned the '857 Patent to Shandong Haining Information Technology Co., Ltd ("Haining"). Zhu was not mentioned or referred to anywhere in the '857 Patent.

Zhu became an owner of the '857 Patent through an assignment from Haining on January 2, 2024 (Exhibit B). After owning the '857 Patent for about 17 days, Plaintiff signed "Declaration of Zhu Mingfei" under penalty of perjury on January 19, 2024 (see Exhibit C) to support the present legal action. Plaintiff stated that "I have invested substantial time, money, and effort creating the product covered by the property attached as Exhibit 1 to the Complaint. *Id*. The under-oath-statements from Chen and Zhu are compared directly in the following table:

| Chen's Statement Under Oath (12/06/2021) | Zhu's Statement Under Oath (01/19/2024) |
|---|---|
| I believe that I am the original inventor (Para. 1 of Exhibit A) | I have invested substantial time, money, and effort creating the product covered by the property attached as Exhibit 1 to the Complaint (Para. 3 of Exhibit C). |
| any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both. | under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. |

The contradicting statements, both under oath, demonstrated that either Chen made material misrepresentation to USPTPO under oath or Zhu made material misrepresentation to

this Court under oath. The undersigned notified Plaintiff's counsel on April 23, 2024 of such material misrepresentations his client(s) and has not received any response.

Such material misrepresentations render Plaintiff's Complaint and his Motion for Preliminary Injunction noncompliant to Rule 11(b)(3) which requires that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Therefore, the Complaint should be dismissed with prejudice as a sanction on Plaintiff for making material false statement(s) to this Court.

## PLAINTIFF CANNOT SHOW INFRINGEMENT

The Storage Hammocks sold by Defendants have been known to the public on or prior to March 11, 2021, about nine months before the filing date of U.S. Patent No. D1,000,857 ("the '857 Patent") on December 6, 2021 at https://www.youtube.com/watch?v=SJ5Byb__Y14. A screen shot of from this public youtube link is attached as Exhibit D.

A direct comparison of various storage hammocks from the '857 Patent, the Defendants and the youtube tutorial are shown in the table below:

| Storage Hammock from the '857 Patent (December 6, 2021) | Hammock sold by D FantiX | Hammock Sold by aooyaoo | Hammock Sold by yading | Hammocks from public youtube tutorial (March 11, 2021) |
|---|---|---|---|---|
| | | | | |



The above comparison provides clear and convincing evidence that Defendants' hammocks are closer to that from the youtube tutorial than to the claimed hammock in the '857 Patent. Specifically, they share the same/substantially the same knitting knots at the intersection of the double lines and they also share the same/substantially the same weaving method which has been passed on from one generation to another.

Both the Defendants' hammocks and that of the youtube tutorial differ from the claim of the '857 Patent in the knitting knots and weaving methods and the claim of the '857 Patent cannot be interpreted to cover the Defendants' or the youtube tutorial's hammocks because such an interpretation would render the '857 Patent invalid for also covering those of the prior art reference.

Plaintiff failed to show any likelihood to succeed on the merits against the Defendants in this case because Defendants hammocks do not and cannot infringe the '857 Patent. In addition, Plaintiff has adequate remedy at law because Defendants have filed their appearances and can litigate this case to trial to contest the validity of the '857 Patent and/or to prove noninfingement of the '857 Patent by Defendants' hammocks. Therefore, Defendants' Motion to Dissolve the PI must be granted under the standard in *TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

## CONCLUSION

For the reasons stated above, Plaintiff has no likelihood of success on the merits on any of its claims, and its Preliminary Injunction against Defendants must be dissolved. In addition, the Plaintiff shall be sanctioned for making fraudulent statement(s) to this Court and/or to USPTO under penalty of perjury.

Dated: April 29, 2024                                      Respectfully submitted,

*/s/Lance Liu*
Lance Y. Liu, Esq.
Bar No. 3002946
Lanceliu2000@gmail.com
15 Minuteman Circle
Southbury, CT 06488
Attorney for D FantiX, aooyaoo store and yadingchuangxinkeji

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsels of record.

Dated: April 29, 2024                                   Respectfully submitted,

*/s/Lance Liu*
Lance Y. Liu, Esq.
Bar No. 3002946
Lanceliu2000@gmail.com
15 Minuteman Circle
Southbury, CT 06488
Attorney for D FantiX, aooyaoo store and yadingchuangxinkeji