IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mingfei Zhu<br><br>               Plaintiff,<br>v.<br><br>The Partnerships and Unincorporated Associations Identified in Schedule "A",<br><br>               Defendants. | Case No.: 24-cv-01139<br><br>Judge: Hon. Virginia M. Kendall<br><br>Magistrate: Hon. Beth W. Jantz |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ORDER

Plaintiff Mingfei Zhu ("Plaintiff") files this reply in support of Plaintiff's Motion for Entry of a Preliminary Injunction Against Defendants Doe 22 GIRIBIT, Doe 36 Krislait, and Doe 86 warminrog ("Defendants"). For the reasons set forth Plaintiff respectfully requests entry of a preliminary injunction against these Defendants.

1. **The cited prior art does not raise a substantial question of validity to the D'857 patent**

If the alleged infringer "raises a substantial question of invalidity, the preliminary injunction should not issue." *Neutral Tandem, Inc. v. Peerless Network, LLC*, 2010 WL 11537593 at *4 (N.D. Ill. Mar. 30, 2010), *citing*, *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005-06 (Fed. Cir. 2009). To meet this burden, the alleged infringer must only show that the patent is "vulnerable", which requires less proof than the clear and convincing showing necessary to establish invalidity itself. *Id.*; *Abbott Lab'ys v. Sandoz, Inc.*, 500 F. Supp. 2d 807, 817 (N.D. Ill. 2007), aff'd, 544 F.3d 1341 (Fed. Cir. 2008). If the alleged infringer shows that the patent is "vulnerable" the burden shifts back to the patentee "to show

that the defense lacks substantial merit." *Id*.

In this case, Defendants cite to an unauthenticated YouTube video showing an alleged prior art hammock. Defendants state that the patented hammock is "substantially the same" as the prior art hammock and thus, presumably, is an invalid patent. Assuming that Defendants are arguing that the D'857 patent is anticipated by the reference, it is clear that the prior art is substantially different from the patent and does not anticipate the D'857 patent. There are at least two obvious differences between the prior art and the patent. First, the tassels on the prior art appear as a complete strand along the edge of the hammock. In contrast, the patent shows tassels bunched into groups with spacing between. Second, the rings at the corners of the hammock in the prior art are substantially larger than the rings at the corners of the hammock. Thus the differences between the prior art and the patent are not sufficient to find that the patent is invalidated as anticipated under 35 U.S.C. § 102. For this reason, Defendants have not raised a substantial question of invalidity of the D'857 patent.

2. **Plaintiff has established a likelihood of success on the merits for a claim of patent infringement**

An issued United States patent is given a statutory presumption of validity. See 35 U.S.C §§ 171, 282; *Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. App'x 964, 983 (Fed. Cir. 2002). A defendant is liable for patent infringement if it, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States and patent invention during the term of the patent thereof." 35 U.S.C. § 271(a). A design patent may issue to the inventor of "any new, original and ornamental design...." 35 U.S.C. § 171. "A design patent protects the nonfunctional aspects of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed.Cir.1995). "The patent is infringed by the application of 'the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale....' 35 U.S.C. § 289." *Competitive Edge Inc. v.*

*Staples Inc.*, 763 F.Supp.2d 997, 1011 (N.D. Ill. 2010). The patented and allegedly infringing designs need not be identical for infringement of a design patent to be found. *Id.* (citations omitted). The inquiry that governs analysis of design patent infringement is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Id. citing Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed.Cir.2008).

Here, Plaintiff is the owner of the D'857 patent. See Exhibit 1 to the Complaint. The patent is valid. Each of the Defendants has applied the patented design to an article of manufacture, as set forth in the claim charts submitted to the court [Dkt. No. 11-3] and reproduced below:

| Patented Design |  FIG. 6 |

| | |
|---|---|
| GIRIBIT |  |
| KRISLAIT-Store-US | |

| warminrog |  |

As set forth, Plaintiff has a likelihood of success on the merits on the claim for patent infringement against the Defendants.

For these reasons, Plaintiff respectfully requests the Court grant the motion for entry of a preliminary injunction order against the Defendants.

Dated:  May 7, 2024 		Respectfully submitted,


									By:	/s/   Kevin Keener
										Kevin J. Keener
										ARDC # 6296898
										Keener & Associates, P.C.
										161 N. Clark Street, Suite #1600
										Chicago, IL 60601 (312) 523-2164
										kevin.keener@keenerlegal.com