IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------X
Mingfei Zhu                                      :

                 Plaintiff,            :            Case No. 24-cv-01139

                                            :

        -against-                                   :            Judge: Hon. Virginia M. Kendall

The Partnerships and Unincorporated
Associations Identified in Schedule "A"     :            Magistrate Hon. Beth W. Jantz

                 Defendants.         :
------------------------------X

**SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ORDER**

    Defendants GIRIBIT, warminrog and Krislait ("GIRIBIT", "warminrog" and "Krislait" respectively and "Defendants" collectively), hereby file their Supplemental Response in Opposition to Plaintiff's Motion for Preliminary Injunction Order. For reasons set forth below and on record, the Court shall not enter Preliminary Injunction against GIRIBIT, warminrog and Krislait. Instead, the Court shall order the Plaintiff to unlock the Amazon stores and associated financial accounts of GIRIBIT, warminrog and Krislait.

    **I.    Defendants Hammocks do not infringe any valid claim of U.S. Patent No. D1,000,857 ("the '857 Patent").**

    Certain special features of the hammock claimed in the '857 Patent are depicted in the table below:

1

|  | Hammocks | Tassels | Intersections |
|---|---|---|---|
| Claimed Hammock in the '857 Patent (December 6, 2021) | FIG. 6 | | |

The tassels of Plaintiff's claimed hammock constitute five solid lines of different lengths the shape of an unfolded hand. The double solid lines are parallel to each other and they also cross each other at certain angle to form open rhombuses at the intersections. Additionally, the claimed hammocks have open rhombuses which are almost uniform across the whole hammock.

Under the Federal Circuit Court case law in *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1368 (Fed. Cir. 2002), the hand shaped tassels, the parallel double solid lines, the open rhombuses and their uniformity are all special features of the claim of the '857 Patent.

Design patents are narrow in scope, and the figures of a design patent form the claim. If features appearing in figures of a design patent are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design." *Contessa Food Prods., Inc. v. Conagra, Inc*.

The Defendants' hammocks do not infringe the claim of the '857 Patent because they do not contain any of the special features required by the figures of the '857 Patent. The Defendants' hammocks are shown in the table below:

|         | Hammocks | Tassels | Knots |
|---------|----------|---------|-------|
| GIRIBIT |          |         |       |
| Krislait |         |         |       |
| warminrog |        |         |       |

As can be clearly seen in the table above, Defendants' hammocks do not have any hand-shaped tassels required by the '857 Patent claim and also do not have the open rhombuses at the intersections. Instead, defendants' hammocks have knots where the double lines cross each other.

Therefore, Defendants' hammocks do not infringe the claim of the '857 Patent and Plaintiff has no likelihood of success on the merits.

### II. The '857 Patent is invalid as being anticipated/rendered obvious over the youtube video published more than eight months prior to the filing date of the '857 Patent.

The claimed hammock is directly compared with those of the prior art youtube tutorial video for hammock making ("prior art"):

3

|  | Hammocks | Tassels | Knots |
|---|---|---|---|
| Claimed Hammock in the '857 Patent (December 6, 2021) | | | |
| Prior Art hammock on Youtube video (March 11, 2021) | | | |

By asserting the '857 Patent against Defendants' hammocks. Plaintiff is basically alleging that Defendants' hammocks contain all the special features of the claim of the '857 Patent. Specifically, the open rhombuses at the intersections are made to equal to the knots on the Defendants' hammocks and the hand-shaped tassels are made to equal to the tassels of Defendants' hammocks, which are much longer and uniform in length with more than ten lines each.

If one were to take Plaintiff's allegations at their face value, the claim of the '857 Patent shall also cover the hammocks of the prior art, which in turn, would anticipate the claim of the '857 Patent. Therefore, the claim of the '857 Patent cannot be interpreted to cover the Defendants' hammocks in order to preserve its validity.

### III. The '857 Patent is unenforceable for fraudulent statement on inventorship

The sole inventor Jian Chen stated under oath that he is "the original inventor," and Jian's under-oath statement was contradicted by the Plaintiff who also stated under oath that he "invested substantial time, money, and effort creating the product." Either the Plaintiff made fraudulent statement to this Court or Jian Zhang made fraudulent statement to the Patent Office. In either situation, the '857 Patent must be held unenforceable for inequitable conducts and/or for violations of Rule 11(b)(3).

For the reasons stated above, the Court shall continue to keep Defendants off the Preliminary Injunction because Plaintiff is unlike to succeed on the merits.

Dated: May 7, 2024

/s/Lance Liu
Lance Y. Liu, Esq.
Bar No. 3002946
Lanceliu2000@gmail.com
15 Minuteman Circle
Southbury, CT 06488
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsels of record.

Dated: May 7, 2024                                  Respectfully submitted,

*/s/Lance Liu*
Lance Y. Liu, Esq.
Bar No. 3002946
Lanceliu2000@gmail.com
15 Minuteman Circle
Southbury, CT 06488
Attorney for Defendants