IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mingfei Zhu ) | |
| ) | Case No.: 24-cv-01139 |
| Plaintiff, ) | |
| v. ) | Judge: Hon. Virginia M. Kendall |
| ) | |
| The Partnerships and Unincorporated ) | Magistrate: Hon. Beth W. Jantz |
| Associations Identified in ) | |
| Schedule "A", ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

Plaintiff Mingfei Zhu ("Plaintiff") files this response in opposition to the motion to dissolve the preliminary injunction in this case filed by Defendants D FantiX, aooyaoo store, and yadingchuangxingkeji (collectively "Defendants"). For the reasons set forth Plaintiff respectfully requests that Defendants' motion be denied.

**1. There Has Been No Violation of Rule 11(b)(3)**

Defendants allege that there has been a violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure. The basis of Defendants' argument is that contradictory statements exist between the declaration of Jian Chen as the inventor of the patent-in-suit, and Mingfei Zhu, the current owner of the patent-in-suit. Defendants misunderstand and misconstrue the statement in the declaration of Mingfei Zhu submitted to the Court in support of the motion for a temporary restraining order that formed the basis of the current preliminary injunction. Because there is no false statement and no contradiction, Defendants' motion should be dismissed.

Federal Rule of Civil Procedure Rule 11(b)(3) states that by signing, filing, submitting, or advocating a written paper that the factual contentions therein have evidentiary support. Failure to comply with Rule 11(b)(3) can lead to sanctions. *See Berwick Grain Co., Inc. v. Ill.*

*Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000). While the Court does have the discretion to issue sanctions, such authority should be used sparingly in recognition of the impact sanctions can have beyond the merits of the case. *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003). The Court reviews the allegedly sanctionable conduct under a standard of objective reasonableness and considers whether the offending party should have known his position was groundless. *Cuna Mut. Ins. Soc. v. Office and Prof'l Emp. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006).

Here there is no violation of Rule 11 because there is no false statement and no contradiction between the statements submitted to the Court. Defendants argue that Mingfei Zhu's statement that "I have invested substantial, time, money, and effort creating the product covered by the property attached as Exhibit 1 to the Complaint" is fraudulent because Mingfei Zhu was not named as an inventor of the patent-in-suit. Defendants contrast this statement with the statement submitted to the USPTO by inventor Jian Chen that Chen was the sole inventor, stating that both cannot be true.

However, Defendants' position is without merit as both statements can be true and do not contradict each other. Mingfei Zhu has not declared to be the inventor of the patent- Zhu only declares effort in creating the product covered by patent. Defendants conflate Zhu's statement to mean that Zhu has declared to be the inventor of the patent. But there is a difference between being an inventor of a product (Jian Chen) and being a person who creates the product for bringing it to market (Mingfei Zhu). Mingfei Zhu is not declaring to the Court that he is the inventor of the patent, but is working to create the product covered by the patent for sale to the consuming public.

For this reason, there is no discrepancy and Defendants' motion should be denied.

2. **The cited prior art does not raise a substantial question of validity to the D'857 patent**

If the alleged infringer "raises a substantial question of invalidity, the preliminary injunction should not issue." *Neutral Tandem, Inc. v. Peerless Network, LLC*, 2010 WL 11537593 at *4 (N.D. Ill. Mar. 30, 2010), *citing*, *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005-06 (Fed. Cir. 2009). To meet this burden, the alleged infringer must only show that the patent is "vulnerable", which requires less proof than the clear and convincing showing necessary to establish invalidity itself. *Id.*; *Abbott Lab'ys v. Sandoz, Inc.*, 500 F. Supp. 2d 807, 817 (N.D. Ill. 2007), aff'd, 544 F.3d 1341 (Fed. Cir. 2008). If the alleged infringer shows that the patent is "vulnerable" the burden shifts back to the patentee "to show that the defense lacks substantial merit." *Id*.

In this case, Defendants cite to an unauthenticated YouTube video showing an alleged prior art hammock. Defendants state that the patented hammock is "substantially the same" as the prior art hammock and thus, presumably, is an invalid patent. Assuming that Defendants are arguing that the D'857 patent is anticipated by the reference, it is clear that the prior art is substantially different from the patent and does not anticipate the D'857 patent. There are at least two obvious differences between the prior art and the patent. First, the tassels on the prior art appear as a complete strand along the edge of the hammock. In contrast, the patent shows tassels bunched into groups with spacing between. Second, the rings at the corners of the hammock in the prior art are substantially larger than the rings at the corners of the hammock. Thus the differences between the prior art and the patent are not sufficient to find that the patent is invalidated as anticipated under 35 U.S.C. § 102. For this reason, Defendants have not raised a substantial question of invalidity of the D'857 patent.

3. **Plaintiff has established a likelihood of success on the merits for a claim of patent infringement**

An issued United States patent is given a statutory presumption of validity. See 35 U.S.C §§ 171, 282; *Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. App'x 964, 983 (Fed. Cir. 2002). A defendant is liable for patent infringement if it, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States and patent invention during the term of the patent thereof." 35 U.S.C. § 271(a). A design patent may issue to the inventor of "any new, original and ornamental design...." 35 U.S.C. § 171. "A design patent protects the nonfunctional aspects of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed.Cir.1995). "The patent is infringed by the application of 'the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale....' 35 U.S.C. § 289." *Competitive Edge Inc. v. Staples Inc.*, 763 F.Supp.2d 997, 1011 (N.D. Ill. 2010). The patented and allegedly infringing designs need not be identical for infringement of a design patent to be found. *Id.* (citations omitted). The inquiry that governs analysis of design patent infringement is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Id.* citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed.Cir.2008).

Here, Plaintiff is the owner of the D'857 patent. See Exhibit 1 to the Complaint. The patent is valid. Each of the Defendants has applied the patented design to an article of manufacture, as set forth in the claim charts submitted to the court [Dkt. No. 11-3] and reproduced below:

| | |
|---|---|
| Patented Design |  |
| D FantiX | |



As set forth, Plaintiff has a likelihood of success on the merits on the claim for patent infringement against the Defendants.

For these reasons, Plaintiff respectfully requests the Court deny Defendants' motion to dissolve the preliminary injunction.

Dated: May 24, 2024                                Respectfully submitted,

                                                                 By:          /s/   Kevin Keener
                                                     Kevin J. Keener
                                                     ARDC # 6296898
                                           Keener & Associates, P.C.
                                     161 N. Clark Street, Suite #1600

Chicago, IL 60601 (312) 523-2164
kevin.keener@keenerlegal.com