IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

―――――――――――――――――――――――X
Mingfei Zhu                                :

          Plaintiff,           :   Case No. 24-cv-01139

                                   :

       -against-                    :   Judge: Hon. Virginia M. Kendall

                                   :

The Partnerships and Unincorporated
Associations Identified in Schedule "A"   :   Magistrate Hon. Beth W. Jantz

          Defendants.       :
―――――――――――――――――――――――X

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE PLAINTIFF'S PRELIMINARY INJUNCTION

Defendants, D FantiX, aooyaoo store and yadingchuangxinkeji ("D FantiX", "aooyaoo" and "yading" respectively and "Defendants" collectively) by and through its undersigned counsel, hereby Reply to Plaintiff's Opposition to dissolving the April 23, 2024 Preliminary Injunction ("PI," Dkt. #35). Instead of facing up and correct its material misrepresentations, Plaintiff's Opposition resorted to covering up an existing material misrepresentation with one or more additional material misrepresentations. As a result, Plaintiff put the last nail to its presumed integrity by covering up its earlier material misrepresentation with one or more additional material misrepresentations.

### PLAINTIFF CONTINUED ITS NONCOMPLIANCE TO RULE 11(b)(3)

The ordinary meaning of the word "create" or "creating" is "to cause to come into being, as something unique that would not naturally evolve or that is not made by ordinary processes,"

1

or "to evolve from one's own thought or imagination, as a work of art or an invention." (See *Exhibit A. Dictionary.com*). Its synonyms include invent, contrive, devise, initiate and originate. *Id*.

The United States Patent and Trademark Office ("the USPTO") also routinely assess whether the inventor "created the design" in determining the patentability of design patent applications. "A design to be patentable must be 'created for the purpose of ornamenting'" *In re Carletti et al.,* 328 F.2d 1020, 140 USPQ 653 (CCPA 1964). The Federal Circuit Court has held that "The requirement that the design was created (Emphasis Added) for the 'purpose of ornamenting' must be met with appropriate evidence concerning visibility for a rejection under 35 U.S.C. 171 to be overcome ...." See *In re Webb,* 916 F.2d 1553 (Fed. Cir. 1990).

Therefore, the word "create" is a synonym of "invent" and Plaintiff's under-oath statement of "…creating the product covered by the property attached as Exhibit 1 to the Complaint" can only be interpreted as "Plaintiff invented the patented hammock." Plaintiff can invent the hammock for marketing or for manufacturing. He is still an inventor or co-inventor.

Plaintiff has no factual basis to allege that "there is a difference between being an inventor of a product (Jian Chen) and being a person who creates the product for bringing it to market (Mingfei Zhu)." Plaintiff also has no factual basis to state that "Mingfei Zhu is not declaring to the Court that he is the inventor of the patent, but is working to create the product covered by the patent for sale to the consuming public."

Plaintiff's contradictory under-oath statements to this Court and/or to the USPTO cannot simply be covered up by new material misrepresentations to this Court.

The lack of factual basis to support Plaintiff's version of the word "create" constitutes violation of Rule 12(b)(3). In the context of Defendants' Motion to Dissolve PI, Plaintiff's intent to mislead this Court and to cover up its earlier material misrepresentations is clear. As such, Plaintiff must not be given the benefit of the doubt on its integrity for the recurring material misrepresentations.

Plaintiff repeated violations of Rule 11(b)(3) and likelihood of patent invalidity make it unlikely for the Plaintiff to succeed on the merits at trial. Therefore, Defendants' Motion to Dissolve the PI must be granted under the standard in *TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

Dated: June 2, 2024      Respectfully submitted,

/s/Lance Liu
Lance Y. Liu, Esq.
Bar No. 3002946
Lanceliu2000@gmail.com
15 Minuteman Circle
Southbury, CT 06488
Attorney for D FantiX, aooyaoo store and yadingchuangxinkeji

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 2, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsels of record.

Dated: June 2, 2024                                                                                Respectfully submitted,

                                                                                                      */s/Lance Liu*
                                                                                                       Lance Y. Liu, Esq.
                                                                                                       Bar No. 3002946
                                                                                                       Lanceliu2000@gmail.com
                                                                                                       15 Minuteman Circle
                                                                                                       Southbury, CT 06488
                                                                                                       Attorney for D FantiX, aooyaoo
                                                                                                        store and yadingchuangxinkeji