**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

Mingfei Zhu

                       Plaintiff,     :         Case No. 24-cv-01139

                    -against-      :         Judge: Hon. Virginia M. Kendall

The Partnerships and Unincorporated    :         Magistrate Hon. Beth W. Jantz
Associations Identified in Schedule "A"

                  Defendants.    :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

## DEFENDANTS' ANSWER, SPECIAL DEFENSE AND COUNTERCLAIMS

Defendants, D FantiX, aooyaoo store, yadingchuangxinkeji, GIRIBIT, warminrog, Krislait and TTSAM_meisam ("D FantiX", "aooyaoo", "yading", "GIRIBIT", "warminrog", "Krislait" and "TTSAM" respectively and "Defendants" collectively) by and through its undersigned counsel, hereby file their Answer, Affirmative Defense and Counterclaims against Plaintiff, as follows:

## ANSWER TO COMPLAINT

1.      Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint, and on that basis deny those allegations.

2.      Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint, and on that basis deny those allegations.

3.      Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint, and on that basis deny those allegations.

4. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint, and on that basis deny those allegations.

5. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint, and on that basis deny those allegations.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint, and on that basis deny those allegations.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint, and on that basis deny those allegations.

11. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint, and on that basis deny those allegations.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint, and on that basis deny those allegations.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

17.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint.

18.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint.

19.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint.

20.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations in Paragraph 21 of the Complaint.

22.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint.

23.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint.

24.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint.

27.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

## SPECIAL DEFENSE.  THE COMPLAINT MUST BE STRICKEN FOR FAILURE TO COMPLY WITH THE REQUIREMENTS OF  RULE 11

63.     Plaintiff stated in Paragraph 7 of the Complaint that "Defendants intentionally conceal their identities and the full scope of their counterfeiting operation ... If their identities become known, Plaintiff will promptly amend this Complaint to identify them."

64.     As of today, July 5, 2024, Plaintiff has not amended its Complaint to identify each Defendant as the Plaintiff presented to this Court.

65.     Plaintiff and or its counsel violated Rule 11(b) by presenting to the Court that "…Plaintiff will promptly amend this Complaint to identify them" and then not amending the Complaint a few months after learning Defendants' identities.

66.     In addition, Plaintiff made fraudulent statements to this Court and/or the USPTO on inventorship of U.S. Patent No. D1,000,857 ("the '857 Patent").

67.     The sole inventor Jian Chen stated under oath that "I believe that I am the original inventor" of the '857 Patent and that "any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both."

68.     The Plaintiff directly contradicted Jian Chen in his under-oath statement to this Court that "I have invested substantial time, money, and effort creating the product covered by the property attached as Exhibit 1 to the Complaint" and that "under penalty of perjury under the laws of the United States of America that the forgoing is true and correct."

69.     Plaintiff clearly stated under oath to be the inventor of the '857 Patent by "creating the product covered by the property" because the word "create" is synonymous to "invent" as defined in the dictionary.

70.     Defendants respectfully submit that the Plaintiff made fraudulent statement to this Court and/or Jian Zhang made fraudulent statement to the Patent Office, in violation of Rule 11(b)(3).

71.     These Rule 11 violations render the Complaint defective and such defective Complaint must be stricken completely on that ground.

## COUNTERCLAIM COUNT I. THE '857 PATENT IS INVALID

72.     Defendants hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

73.     The Federal Circuit Court recently held that "…the obviousness or nonobviousness of the claimed design is evaluated. We have previously described this inquiry as whether an ordinary designer in the field to which the claimed design pertains would have been motivated to modify the prior art design 'to create the same overall visual appearance as the claimed design.' … We reaffirm that the 'inquiry focuses on the visual impression of the claimed design as a whole and not on selected individual features.'…" *LKQ Corporation v. GM Global Technology Operations LLC*, No. 21-2348 (Fed. Cir. 5/21/2024) (*en banc*).

74.     The table below directly compares the claimed hammock with that of the prior art YouTube tutorial video ("Prior Art"):

|  | Claimed Hammock in the '857 Patent | Prior Art hammock on Youtube video |
|---|---|---|
| Priority Date | December 6, 2021 | March 11, 2021 |

| | | |
|---|---|---|
| Hammocks |  FIG. 6 | |

75. An ordinary designer in the field of hammock making would have been motivated to modify the prior art design to create the same overall visual appearance as the claimed design in the '857 Patent.

76. Therefore, the claimed hammock must be invalid under 35 U.S.C. Sec. 103 as being obvious over the Prior Art.

WHEREFORE, Defendants pray for judgment against Plaintiff that the '857 Patent is invalid as being obvious over the Prior Art under 35 U.S.C. Section 103, with costs of this action, including attorney's fees, and any other relief which the Court deems necessary.

## COUNTERCLAIM COUNT II.  DEFENDANTS' HAMMOCKS CANNOT INFRINGE ANY VALID CLAIM OF THE '857 PATENT

77. Defendants hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

78. An ordinary designer in the field of hammock making would have been motivated to modify the prior art design to create the same overall visual appearance as the Defendants' products as shown below.



|  | Hammocks |
|---|---|
| The '857 Patent | FIG. 6 |
| Prior Art | |
| GIRIBIT | |
| Krislait | |

| warminrog |  |
| --- | --- |
| D FantiX | |
| aooyaoo | |
| yading | |
| TTSAM | |

79. Design patents are narrow in scope, and the figures of a design patent form the claim. If features appearing in figures of a design patent are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design." *Contessa Food Prods., Inc. v. Conagra, Inc.*

80. As shown in the table above, Defendants' hammocks do not contain the special features required by the figures of the '857 Patent and do not infringe the claim of the '857 Patent.

81. By asserting the '857 Patent against Defendants' hammocks. Plaintiff is basically alleging that Defendants' hammocks contain all the special features of the claim of the '857 Patent. Specifically, the open rhombuses at the intersections are made to equal to the knots on the Defendants' hammocks and the hand-shaped tassels are made to equal to the tassels of Defendants' hammocks, which are much longer and uniform in length with more than ten lines each.

82. In addition, an ordinary designer in the field of hammock making would have easily modified the design from the Prior Art to create the same overall visual appearance as the Defendants' products.

83. If one were to take Plaintiff's allegations at their face value, the claim of the '857 Patent shall also cover the hammocks of the Prior Art, which in turn, would render the claim of the '857 Patent invalid.

84. Therefore, the claim of the '857 Patent cannot be interpreted to cover the Defendants' hammocks in order to preserve its validity.

11

WHEREFORE, Defendants pray for judgment against Plaintiff that their products do not infringe any valid claim of the '857 Patent, with costs of this action, including attorney's fees, and any other relief which the Court deems necessary.

## COUNTERCLAIM COUNT III. THE '857 PATENT IS UNENFORCEABLE

85.     Defendants hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

86.     Plaintiff and the inventor, Jian Chen, made material misrepresentation/omission to the Patent Office during the prosecution of the '857 Patent.

87.     Specifically, Plaintiff failed to disclose to the Patent Office that he is the inventor of the '857 Patent and Jian Chen misrepresented to the Patent Office that he was the sole inventor of the '857 Patent.

88.     In reliance on Plaintiff's material misrepresentation/omission, the USPTO issued the '857 Patent with the wrong inventorship, which renders the '857 Patent invalid under 35 U.S.C. Sec. 101, which requires that only the actual inventor(s) can file and obtain a patent for his invention.

WHEREFORE, Defendants pray for judgment against Plaintiff that the '857 Patent is unenforceable for inequitable conducts during the prosecution of the '857 Patent, with costs of this action, including attorney's fees, and any other relief which the Court deems necessary.

## COUNTERCLAIM COUNT IV.  UNFAIR COMPETITION
### (Lanham Act, 15 U.S.C. § 1125)

89.     Defendants hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

90.     The Plaintiff made material misrepresentation to this Court and failed to disclose material facts related to the inventorship of the '857 Patent and failed to make amendment to its Complaint after Plaintiff learned the identities of the Defendants.

91.     The Plaintiff also failed to disclose to this Court the new standard established by the Federal Circuit Court in *LKQ Corporation v. GM Global Technology Operations LLC*, No. 21-2348 (Fed. Cir. 5/21/2024) (*en banc*), which is right on point to invalidate the '857 Patent over the Prior Art.

92.     Plaintiff used an invalid patent to lock up Defendants' e-commerce stores and their bank accounts to interrupt the operation of its competitors.

93.     Plaintiff knew, or by the exercise of reasonable care should have known, that its misuse of the '857 Patent would cause damages to Defendants and to consumers.

94.     As a direct and proximate result of Plaintiff's aforementioned wrongful actions, Defendants have been and will continue to suffer damages.

WHEREFORE, Defendants pray for judgment against Plaintiff for money damages, with costs of this action, including attorney's fees, and any other relief which the Court deems necessary and just.


Dated: July 5, 2024                                   Respectfully submitted,

                                                      /s/Lance Liu
                                                      Lance Y. Liu, Esq.
                                                      Bar No. 3002946
                                                      Lanceliu2000@gmail.com
                                                      15 Minuteman Circle
                                                      Southbury, CT 06488
                                                      Attorney for Defendants

13

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 5, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

Dated: July 5, 2024

/s/Lance Liu
Lance Y. Liu, Esq.
Bar No. 3002946
Lanceliu2000@gmail.com
15 Minuteman Circle
Southbury, CT 06488
Attorney for Defendants