IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mingfei Zhu | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 24-cv-01139 |
| v. | ) | |
| | ) | Judge: Hon. Virginia M. Kendall |
| The Partnerships and Unincorporated Associations Identified in Schedule "A", | ) ) ) ) | Magistrate: Hon. Beth W. Jantz |
| Defendants. | ) ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Mingfei Zhu ("Plaintiff") submits this memorandum in support of his Motion for Entry of Default and Default Judgment under of its Motion for Entry of Default and Default Judgment under FED. R. CIV. P. 55(a)-(b) against the Defendant Does, as identified in Exhibit 1 to this Memorandum (collectively, the "Defaulting Defendants"), based on this action for infringement of Plaintiff's U.S. Patent.

**STATEMENT OF FACTS**

Plaintiff is the owner of the "Storage Hammock" that is patented under U.S. Design Patent No. D1,000,857 (the "Asserted Patent"). The Defaulting Defendants are individuals and unincorporated business associations who reside in foreign jurisdictions and operate e-commerce stores Complaint at ¶ 3. Each of the Defaulting Defendants utilize their e-commerce stores to target consumers in the United States and the Stateof Illinois, including the Northern District of Illinois. *Id*. at ¶ 4. Each of the Defaulting Defendants has infringed the Asserted Patent. *Id*. at ¶ 43.

Plaintiff filed this action on February 9, 2024 [Dkt. No. 1]. This Court granted Plaintiff's Motion for Electronic Service of Process on March 26, 2024 [Dkt. No. 14]. Plaintiff served the

Defendants in this case on April 17, 2024 [Dkt. No. 22]. None of the Defaulting Defendants have appeared, filed an answer, or otherwise pled in this action. *See* Declaration of Kevin Keener at ¶ 2. The Defaulting Defendants have chosen not to participate in this case and have failed to comply with this Court's expedited discovery order within the temporary restraining order [Dkt. No. 15], failing to disclose revenues generated from the sales of infringing products or costs attributable to the sale of infringing products. *See* Declaration of Kevin Keener at ¶ 4. The limited information that was provided by the third-party platforms regarding the Defaulting Defendants contained reported revenue for the sale of the accused products. Declaration of Kevin Keener at ¶ 5. Plaintiff requests this Court for an Order entering default and default judgment against the Defaulting Defendants, entering a permanent injunction against the Defaulting Defendants, and an order that the reported revenue that may be present in Defaulting Defendants' financial accounts be transferred to Plaintiff in satisfaction of Plaintiff's damages.

## ARGUMENT

### I.  Jurisdiction and Venue are Proper in this Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. within District. See Complaint at ¶¶ 4, 17, 18 [Dkt. No. 1]; *uBID,Inc.  v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

2

Through at least the fully interactive commercial internet stores, each of the Defaulting Defendants have directly targeted consumers within the State of Illinois, specifically by reaching out to do business with the Illinois residents. See Complaint at ¶ 4 [Dkt. No. 1]; See *True Religion Apparel, Inc., et al. v. Does 1-100*, No. 1:12-cv-9894 (N.D. Ill. Feb. 6, 2013) (unpublished) (Docket Nos. 42 and 43); *Deckers Outdoor Corp. v. Does 1-55*, No. 1:11-cv-00010(N.D. Ill. Oct. 14, 2011) (unpublished) (Docket Nos. 68 and 69).

## II. Plaintiff Has Met the Requirements for Entry of Default

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). On January 31, 2024, Plaintiff filed its Complaint alleging patent infringement for infringement of the Asserted Patent pursuant to 35 U.S.C. § 271 [Dkt. No. 1]. The Defaulting Defendants were properly served with the Complaint on April 26, 2024 [Dkt. No. 28]. Despite having been served with process, these particular Defendants have ignored these proceedings and failed to appear, plead, or otherwise defend this action. Declaration of Kevin Keener at ¶ 2. Upon information and belief, these Defendants are not active-duty members of the U.S. armedforces. *Id.* at ¶ 3.

Accordingly, Plaintiff asks for entry of default against all remaining Defendants.

## III. Plaintiff Has Met the Requirements for Entry of Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a

3

matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff's completed service of process on all Defendants on April 26, 2024. More than 21 days have passed since the Defendants were served, and no answer or other responsive pleading has been filed. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment against the Defaulting Defendants is appropriate. Plaintiff, in Exhibit 1 to this Memoranda, specifies Defaulting Defendants for the Court. Pursuant to 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from Defaulting Defendants' unauthorized use and infringement of the Asserted Patent, but not less than $250. Plaintiff also seeks an entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing products infringing the Asserted Patent and an order that assets in Defaulting Defendants' financial accounts, including those operated by third-party platforms be transferred to Plaintiff for satisfaction of Plaintiff's damages.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Evidence before the Court shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the designs protected by the Asserted Patent. [Dkt. No. 13 through 13-4]. *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008)).

Plaintiff alleges in its Complaint that it is the lawful owner of all right, title, and interest in and to the Asserted Patent. Complaint at ¶ 11 [Dkt. No. 1]. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use infringing products that infringe directly and/or indirectly the Asserted

Patent. *Id.* at ¶ 42. Plaintiff has alleged that the Defaulting Defendants sold infringing products that infringe the Asserted Patent. *Id.* at ¶¶ 42-46.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in the Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp.2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Counts I for patent infringement against the Defaulting Defendants.

**IV.    Pursuant to 35 U.S.C. § 289, Plaintiff is Entitled to Defendant's Profits But Not Less Than $250**

Pursuant to 35 U.S.C. § 289, "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016).

It is the Court's task to fix the amount of damages following the entry of a default judgment. 35 U.S.C. § 284; *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (noting that after entry of a default judgment, a plaintiff's well-pleaded factual allegations are taken as true except as to damages). "[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

The plaintiff has the initial burden to show the article of manufacture and the

5

defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). The defendant has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id*. "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Where defendants have failed to produce documents and evidence with regard to revenue, courts have entered a profits award for the entire revenue amount. *See WMS Gaming, Inc. v. WPC Prods.Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks.").

Since Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award the full amount of revenue for each Defaulting Defendant. *See Oakley, Inc. v. The Partnerships, et al.*, No.20-cv-02970 (N.D. Ill. Oct. 26, 2020) (unpublished) (Docket No. 61) ("Although the information about defendants' profits andrevenues is sparse and there is the possibility that the restrained funds were generated by non- infringing sales, the court concludes that plaintiff's efforts provide the best available measure of profits.").

Plaintiff has identified the revenue generated by each of the Defaulting Defendants. See Exhibit 1 to Declaration of Kevin Keener. The Defaulting Defendants have failed to produce evidence or information with regard to the revenue generated by sales of the infringing products or costs. See Declaration of Kevin Keener at ¶ 4. For this reason, Plaintiff respectfully requests an award of the greater of the total revenue generated or $250 from each of the Defaulting Defendants as set forth in Exhibit 1 to the Declaration of Kevin Keener.

6

## V. Plaintiff is Entitled to a Permanent Injunction

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the Asserted Patent, including at least all injunctive relief previously awarded by this Court in the Temporary Restraining Order. Without a permanent injunction against the Defaulting Defendants, Plaintiff will suffer irreparable harm.

Irreparable harm is harm that is "not fully compensable or avoidable by the issuance of a final judgment (whether a damages judgment or a permanent injunction, or both) in the plaintiff's favor." *Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013). If Defaulting Defendants are permitted to continue to infringe Plaintiff's Patent, Plaintiff will suffer irreparable harm in that the Defaulting Defendants could hide assets outside of the jurisdiction of this Court for ongoing infringement. Thus, Plaintiff requests a permanent injunction against the Defaulting Defendants to avoid irreparable harm.

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each of the Defaulting Defendants. Plaintiff requests an award of damages in the amount of the greater of the fully reported revenue or $250. Plaintiff further requests a permanent injunction against the Defaulting Defendants, prohibiting each from selling products that infringe Plaintiff's patent.

Dated: July 8, 2024

Respectfully submitted,

By: /s/ Kevin Keener

Kevin J. Keener
ARDC #6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601

7

(312) 523-2164  
kevin.keener@keenerlegal.com